UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUAMEI CHEN<br><br>                                   Petitioner,<br><br>v.<br><br>WARDEN OF THE OTAY MESA DETENTION CENTER; GREGORY ARCHAMBEAULT, ACTING FIELD OFFICE DIRECTOR FOR ENFORCEMENT AND REMOVAL OPERATIONS AT THE SAN DIEGO FIELD OFFICE; PAM BONDI, ATTORNEY GENERAL, UNITED STATES DEPARTMENT OF JUSTICE; KRISTI NOEM, SECRETARY, UNITED STATES DEPARTMENT OF HOMELAND SECURITY; TODD LYONS, ACTING DIRECTOR OF UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; AND DOES 1-5,<br><br>                                   Respondents. | Case No.: 3:26-cv-1549-JES-BLM<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**<br><br>**[ECF No. 1]** |

//

//

1

Before the Court is Petitioner Huamei Chen's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1, ("Pet."). Pursuant to the Court Order to Show Cause, Respondents (the" Government") filed the Response, in which expressed its non-opposition to Petitioner's immediate release. ECF No. 3 at 1-2. For the reasons stated below, the Court **GRANTS** the Petition.

Petitioner, a Chinese national, was recently re-detained by Respondents, without first providing her with notice and an opportunity to be heard. Pet. ¶ 15. Petitioner remains in custody to date at the Otay Mesa Detention Center. Pet. at 1. Petitioner alleges that Respondents have previously apprehended her and subsequently "placed [her] on order of recognizance and released on parole." *Id*. ¶ 1. This Court has previously held that such conduct by the Government, results in a noncitizen's acquisition of a liberty interest in remaining out of immigration custody. *See Machado v. Dir. of Otay Mesa Det. Ctr.*, No. 25-CV-3277-JES-JLB, 2026 WL 125618, at * 6 (S.D. Cal. Jan. 16, 2026). As this Petition raises the same issues discussed in *Machado*, the Court adopts its reasoning and incorporates it by reference. 2026 WL 125618.

Accordingly, the Court finds that the jurisdiction stripping provisions of 8 U.S.C. § 1252 do not strip it of jurisdiction to hear Petitioner's claims. The Government does not contest Petitioner's allegation or request for release. The Court, therefore, finds that Petitioner acquired a liberty interest in remaining out of immigration custody when Respondents previously granted her conditional parole, under 8 U.S.C. § 1226.  released by Respondents. The Court finds, further, that by re-detaining her, Respondents' revoked Petitioner's parole, without providing her with notice or an opportunity to be heard—*before doing so*, and violated her due process rights.

As a result, the Court **ORDERS** the following:

(1) The Court **GRANTS** Petitioner's writ of habeas corpus pursuant to 28 U.S.C. § 2241;

//

//

2

3:26-cv-1549-JES-BLM

(2) Respondents are **ORDERED** to **IMMEDIATELY** release Petitioner from custody, subject to any conditions of her preexisting conditional parole;

(3) The Parties are **ORDERED** to file a Joint Status Report on or before **March 24, 2026**, confirming that Petitioner has been released; and

(4) The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: March 20, 2026

Honorable James E. Simmons Jr.
United States District Judge

3:26-cv-1549-JES-BLM